This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                    NO. 34,736

**FRANCISCO J. GRANADOS,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant appeals his convictions for trafficking controlled substances (possession with intent to distribute) (2nd offense) and tampering with evidence, as

well as the enhancement of his sentence for being a habitual offender. [RP 316] Our notice proposed to dismiss for lack of a final order, and Defendant has filed a "memorandum in conditional support of summary dismissal." Because we continue to believe that the judgment and sentence is non-final, we dismiss.

{2}     As we provided in our notice, subsequent to Defendant's appeal, this Court reversed and remanded for further proceedings in a separate case involving Defendant, *State v. Granados*, No. 33,972, mem.op. (N.M. Ct. App. May 7, 2015) (non-precedential) (Case #1). As acknowledged in the district court's "sua sponte order denying in part Defendant's pro se motion for reconsideration of sentence" (sua sponte order) [RP 333], the proceedings on remand in Case #1 could impact the sentence in the present case with respect to any enhancement for being a habitual offender. To this end, the sua sponte order contemplates further proceedings, stating "[u]pon completion of briefing, and oral argument if requested, I will decide the issue regarding the habitual offender enhancement." [RP 333] Given this, the judgment and sentence is non-final. *See, e.g.*, *Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033 (providing that an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible); *State v. Romero*, 2014-NMCA-063, ¶¶ 8,13, 327 P.3d 525 (concluding that the pendency of a post-judgment

motion for reconsideration of a sentence suspends the finality of the preceding judgment and sentence until express disposition).

{3}     Defendant acknowledges the foregoing, but provides that his non-opposition to summary dismissal is conditioned upon our dismissal being "without prejudice." However, we believe that this would be a dubious exercise of our jurisdiction and so decline to condition our dismissal as advocated by Defendant. *See Romero*, 2014-NMCA-063, ¶ 16 (recognizing that an appeal is appropriately dismissed for lack of jurisdiction when a non final-order has been entered). Instead, we simply dismiss and remand to the district court for further proceedings. We note, however, that our dismissal does not preclude Defendant from filing another appeal once finality concerns have been alleviated. *Id*. ¶¶ 8, 13 (concluding that the pendency of a post-judgment motion for reconsideration of sentence suspends the finality of the preceding judgment and sentence until express disposition).

{4}     For reasons stated herein and in our notice, we accordingly dismiss for lack of a final order, and remand to the district court for further proceedings.

{5}     **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**JONATHAN B. SUTIN, Judge**